UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEAN BROWN,

    Plaintiff                                            Case No. 1:25-cv-12575

v.

CENTRAL MICHIGAN UNIVERSITY,
AARON HILT in his personal and official
Capacity as Assistant Coach of Central
Michigan University Baseball, JACOB SABOL
in his official capacity as Head Coach of Central
Michigan University Baseball, and AMY FOLAN
In her official capacity as Athletic Director for
Central Michigan University,

    Defendants
_____/

**DEFENDANTS' SUBMISSION OF MATERIALS
FOR CASE MANAGEMENT ORDER**

**NOW COME** Defendants Central Michigan University Board of Trustees, Aaron Hilt, Jacob Sabol, and Amy Folan, by and through their attorneys, Fraser Trebilcock Davis Dunlap & Cavanaugh, P.C., and in response to the Court's September 4, 2025 Order to Submit Material for Case Management Order (ECF No. 12, PageID.96-97) state as follows:

    **(1)**    **Summary of Background of the Action**

Plaintiff is a former member of the CMU baseball team.  On or about March 2, 2025, as part of a team-building exercise prior to a baseball game, approximately

1

19 players, including Plaintiff, were lined up shoulder-to-shoulder in the bullpen as Assistant Coach Aaron Hilt went down the line giving each player a "fist bump." When Coach Hilt reached Plaintiff's position in the line, Plaintiff was inattentive and distracted, so Coach Hilt gave Plaintiff an innocuous fist bump to his pectoral muscle. Plaintiff's claim that Coach Hilt punched him in the chest with great force is a complete fabrication. Nevertheless, despite the frivolity of the incident, when Plaintiff reported the matter, CMU undertook an internal investigation through its Faculty Personnel Services ("FPS").

Notably, by March, 2025, Plaintiff already was on the verge of quitting baseball and dropping out of school. He was failing most of his courses, and as a walk-on player without a scholarship or a meaningful work ethic, there was nothing keeping him at CMU. Accordingly, when Plaintiff later learned that one of his teammates had offered information to the FPS investigator that cast significant doubt on Plaintiff's groundless claim that Coach Hilt "punched" him, Plaintiff orchestrated a situation that was designed to elicit a response from CMU that Plaintiff could later claim was "retaliation."

Specifically, Plaintiff sent the teammate a text message stating "Time to die my friend." Not surprisingly, in today's day and age, when a university student sends such a text message, and the text message is reported to the police as a potential threat, the police will investigate. As part of the investigation by the CMU Police

2

Department, which occurred over a span of less than 12 hours, Plaintiff was suspended from a single baseball game that had been scheduled during the small window of time that the investigation was ongoing. In response to that single game suspension, Plaintiff immediately moved out of his on-campus housing, quit the baseball team, and returned to his parents' home in Ohio.

Plaintiff has now filed this lawsuit against CMU, Coach Hilt, Jacob Sabol (the head coach of CMU's baseball team), and Amy Folan (CMU's Athletic Director Folan)pleading the following claims:

- COUNT I – "Retaliation in Violation of First Amendment under 42 U.S.C. § 1983" against CMU, as well as against Coach Sabol and Athletic Director Folan in their "official capacity." (PageID.14-15).

- COUNT II – "Violation of Bodily Integrity under 42 U.S.C. § 1983" against CMU, as well as against Coach Hilt, Coach Sabol, and Athletic Director Folan in their "official capacity." (PageID.15-18).

- COUNT III – Assault and Battery against Coach Hilt in his individual capacity. (PageID.18-19).

- COUNT IV – Negligence against CMU, as well as against Coach Hilt, Coach Sabol, and Athletic Director Folan in their "official capacity." (PageID.19-20)

- COUNT V – Negligent Hiring, Supervision, and Retention against CMU, as well as against Coach Sabol and Athletic Director Folan in their "official capacity." (PageID.20-21).

- COUNT VI – Intentional Infliction of Emotional Distress against CMU, as well as against Coach Sabol and Athletic Director Folan in their "official capacity" and against Coach Hilt in both his individual and official capacity. (PageID.21-23).

Defendants filed their Answer to the Complaint on September 4, 2025 (ECF No. 11) and on September 26, 2025, Defendants filed their Motion to Dismiss and for Judgment on the Pleadings (ECF No. 13).

**(2)     Outline of Discovery**

The attorneys for the partes held their Rule 26(f) conference on September 5, 2025.  Defendants provided their Initial Disclosures to Plaintiff under Rule 26(a) on September 11, 2025.

Defendants do not believe that discovery needs to be conducted in stages or limited to particular issues. Defendants propose that the parties adhere to the limitations on interrogatories set by Fed. R. Civ. P. 33(a) (25 single part questions for each individually-named party) and the limitations on depositions set by Fed. R. Civ. P. 30 (10 depositions for each party and seven hours for each witness).

**(3)     Description of Outstanding or Anticipated Discovery Disputes**

At this time, Defendants do not anticipate any discovery disputes.  During the Rule 26(f) conference, the attorneys for the parties agree to preserve documents and information, including electronically stored information, related to the claims and defenses that may be reasonably anticipated as being requested during discovery.

**(4)     Disclosure of Insurance**

Central Michigan University is a member of the self-insurance pool Michigan Higher Education Group Self-Insurance and Risk Management Facility, d/b/a

Michigan University Self-Insurance Corporation (M.U.S.I.C.), which consists of several public universities across the State of Michigan.

**(5)** **Proposal of Case Management Plan**

Defendants have already provided their Initial Disclosures to Plaintiff pursuant to Fed. R. Civ. P. 26(a)(1), and propose that Plaintiff provide his Initial Disclosures to Defendants by **October 3, 2025.**

With respect to Fed. R. Civ. P. 26(a)(2), Defendants propose that the disclosures be made as follows:

(a) That Plaintiff identify expert witnesses he may use at trial pursuant to Fed. R. Civ. P. 26(a)(2)(A) on or before **October 31, 2025**, and produce any report required by Fed. R. Civ. P. 26(a)(2)(B) on or before **December 5, 2025**.

(b) That Defendants identify expert witnesses they may use at trial pursuant to Fed. R. Civ. P. 26(a)(2)(A) on or before **December 5, 2025**, and produce any report required by Fed. R. Civ. P. 26(a)(2)(B) on or before **January 15, 2026**.

With respect to Fed. R. Civ. P. 26(a)(3), Defendants propose that the disclosures be made 30 days before trial, and that any objections listed in Fed. Civ. P. 26(a)(3)(B) must be filed and served 14 days thereafter.

Defendants propose that discovery end on **February 27, 2026**, and that all dispositive motions be filed within 30 days after the close of discovery. Defendants acknowledge that it is the policy of this Court, pursuant to local rule, to prohibit the consideration of non-dispositive discovery motions unless accompanied by a

certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

*Respectfully submitted,*

FRASER TREBILCOCK DAVIS DUNLAP
  & CAVANAUGH, P.C.
Attorneys for Defendants

Dated:  September 26, 2025

By: */s/ Ryan K. Kauffman*
Ryan K. Kauffman  (P65357)

# CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2025, I electronically filed the foregoing document with the United States District Court for the Eastern District of Michigan Northern Division, via Pacer, which said Pacer also serves a copy on all counsel of record.

*/s/ C A Sczepanski*
C A Sczepanski