<u><b>UNITED STATES DISTRICT COURT<br>FOR THE EASTERN DISTRICT OF MICHIGAN<br>NORTHERN DIVISION</b></u>

DEAN BROWN,

Plaintiff                                                              Case No. 1:25-cv-12575

v.                                                                          Hon. Thomas L. Ludington

CENTRAL MICHIGAN UNIVERSITY
BOARD OF TRUSTEES,
AARON HILT in his personal and official
Capacity as Assistant Coach of Central
Michigan University Baseball,
JACOB SABOL in his official capacity as
Head Coach of Central Michigan University Baseball,
and AMY FOLAN In her official capacity as
Athletic Director for Central Michigan University,

Defendants.
_____/

<u><b>PLAINTIFF'S SUBMISSION OF MATERIALS FOR CASE<br>MANAGEMENT ORDER</b></u>

NOW COMES Plaintiff Dean Brown, by and through his attorneys, FLOOD LAW, PLLC, and in response to the Court's September 4, 2025 Order to Submit Material for Case Management Order (ECF No. 12, PageID.96-97) states as follows:

(1) **Summary of Background of the Action**

During the CMU Baseball team's pre-game routine during the final game of a four-game series against Western Kentucky University, the pitchers lined up in the bullpen to receive customary fist bumps from Defendant Hilt. Plaintiff stood in the middle of the line between teammates. When Defendant Hilt reached Plaintiff, who was slightly turned talking to teammates with his fist raised for the expected bump, Defendant Hilt paused and looked at him "with disdain." Instead of the usual fist bump, Defendant Hilt wound up and punched Dean in the chest with a closed fist and significant force, knocking the wind out of him and causing him to fall backwards. The punch left a deep, fist-sized bruise that was visible in photographs afterward. Eyewitnesses described the punch as coming "out of nowhere" with no apparent reason. Word spread quickly throughout the team, resulting in teammates sharing messages, GIFs, and memes referencing the incident in the team's Snapchat group chat.

On March 3, 2025, Plaintiff reported the incident to the head coach, Defendant Sabol, who appeared already aware and informed Plaintiff that Defendant Hilt wanted to speak with him. That afternoon, Defendant Hilt texted Plaintiff requesting a meeting. During their one-hour meeting at the baseball stadium, Defendant Hilt repeatedly downplayed the assault, made off-color comments, and repeatedly asked if they could "get over this." Plaintiff later sent an

email to Defendant Athletic Director Amy Folan, and was benched indefinitely two days later.

On April 18, 2025, Plaintiff sent teammate Liam Stumpf a Snapchat message saying "time to die"—the team's hype-up mantra adopted from the Guns n' Roses song "Welcome to the Jungle," which had been frequently used in team social media posts and made into a sticker by the CMU athletic trainer. Instead of recognizing the familiar team motto, this was reported to the police. Police officers arrived at Plaintiff's dormitory the next morning to question him about the message. Plaintiff explained it was a team motto, and the officers left. Shortly after, Brian Nolasco called to inform Plaintiff he was suspended from that game. Plaintiff, who had become extremely anxious and stressed as the result of Defendant Hilt's conduct, felt unsafe on campus and contacted his parents, who moved him back to Ohio. Plaintiff received notice later that he had been removed from the CMU NIL Club and his parents were removed from the parent's GroupMe. However, neither Plaintiff nor his parents were ever contacted directly about his status on the team, and he then transferred to a junior college to continue his baseball career.

**(2) Outline of Discovery**

The attorneys for the partes held their Rule 26(f) conference on September 5,

2025. Plaintiff agrees that discovery does not need to be conducted in stages, and agree to the limitations on interrogatories set by Fed. R. Civ. P. 33(a) and the limitations on depositions set by Fed. R. Civ. P. 30.

### (3) Description of Outstanding or Anticipated Discovery Disputes

At this time, Plaintiff does not anticipate any discovery disputes. During the Rule 26(f) conference, the attorneys for the parties agree to preserve documents and information, including electronically stored information, related to the claims and defenses that may be reasonably anticipated as being requested during discovery.

### (4) Disclosure of Insurance

N/A.

### (5) Proposal of Case Management Plan

Plaintiffs agree to the following dates set forth in Defendant's Proposed Case Management Plan (ECF 14, PageID.145).

(a) Defendant's Initial Disclosures: filed on September 11, 2025

(b) Plaintiff's Initial Disclosures: October 3, 2025

(c) Disclosures: 30 days before trial

(d) Objections: 14 days after disclosures are made

However, Plaintiff proposes the standard timeframes expert witness lists, reports, and the discovery cutoff, resulting in the following dates:

(a) Plaintiff's Expert Witness List: December 31, 2025

(b) Plaintiff's Expert Witnesses Reports: January 31, 2026

(c) Defendant's Expert Witness List: January 31, 2026

(d) Defendant's Expert Witnesses Reports: February 15, 2026

(e) Discovery ends: April 1, 2026

Respectfully submitted,

By: /s/ Michael D. Weaver
Michael D. Weaver (P43985)
Attorney for Defendants
155 W. Congress St., Ste. 350
Detroit, MI 48226
(248) 547-1032
mweaver@floodlaw.com

Dated: September 29, 2025

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2025, I electronically filed the foregoing document with the United States District Court for the Eastern District of Michigan, Northern Division, via PACER, and PACER also served a copy on all counsel of record.

/s/ Katherine R. Kobiljak
Katherine R. Kobiljak (P88156)